R. Daniel Fleck (WSB # 6-2668)
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290
fleck@spencelawyers.com

Attorney for Plaintiffs

### UNITED STATES DISTRICT COURT
### DISTRICT OF WYOMING

| | |
|---|---|
| JEREMY KINGFUNG WONG, an individual, and JW INC LTD, a Cyprus limited company,<br><br>Plaintiffs,<br><br>v.<br><br>BYT BLOCK, LLC, a Wyoming limited liability company,<br><br>Defendant. | **COMPLAINT**<br><br>Civil Case No._____ |

Plaintiffs Jeremy Kingfung Wong and JW INC LTD (collectively, "Plaintiffs"), by and through R. Daniel Fleck, of The Spence Law Firm, LLC, allege as follows against Defendant Byt Block, LLC ("Byt Block" or "Defendant"):

### I.    PARTIES

1.    Plaintiff Jeremy Kingfung Wong is an individual and a citizen of Canada.

2.    Plaintiff JW INC LTD is a limited company organized and existing under the laws of the Republic of Cyprus, bearing registration number HE 385 205, with its principal place of business at 10 Ifaistou, 1st Floor, Larnaca, Cyprus 7102.

3.    Defendant Byt Block, LLC is a limited liability company organized and existing under the laws of the State of Wyoming. Byt Block represented in the Original Agreement and the Extension Agreement (each defined below) that its principal place of business is 1309 Coffeen

Avenue, Suite 13575, Sheridan, Wyoming 82801. Upon information and belief, Byt Block also maintains operations at 1414 S. Fretz Avenue, Edmond, Oklahoma 73003. Upon information and belief, no member of Byt Block, LLC is a citizen or subject of a foreign state.

## II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). Plaintiffs are citizens or subjects of foreign states (Canada and the Republic of Cyprus, respectively), Defendant is a citizen of the State of Wyoming, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant Byt Block because Byt Block is organized under the laws of the State of Wyoming, maintains its principal place of business in Wyoming, and is therefore at home in this forum. In addition, the parties expressly consented to jurisdiction in this District in Section 8.2(a) of the Original Agreement (defined below), which provides that the parties "irrevocably submit to the exclusive jurisdiction of the state and federal courts located in Sheridan County, Wyoming" for any dispute arising out of or relating to the agreement, and which was expressly incorporated into the Extension Agreement (defined below) by Section 5 thereof.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District for venue purposes. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claim—including Byt Block's payment obligations and its failure to perform them—occurred in this District. Venue is further consented to under the exclusive forum-selection clause set forth in Section 8.2(a) of the Original Agreement, as incorporated by reference into the Extension Agreement.

## III.    FACTUAL BACKGROUND

### A.  The Original Agreement and the Extension Agreement.

7.    On May 1, 2025, Plaintiffs and Byt Block entered into a written contract titled "Payment Directive and Consulting Services Agreement" (the "Original Agreement").

8.    Effective as of August 25, 2025, Plaintiffs and Byt Block entered into a second written contract titled "Extension Agreement to Payment Directive and Consulting Agreement" (the "Extension Agreement"). The Extension Agreement was executed by Brandon A. Culp, Byt Block's Chief Executive Officer, on August 29, 2025, and by Jeremy Wong (on behalf of himself individually and as Director of JW INC LTD) on August 27, 2025.

9.    Section 5 of the Extension Agreement provides that, "[e]xcept as specifically modified herein, all other terms and conditions of the Original Agreement remain in full force and effect."

10.    Section 6 of the Extension Agreement provides that "[t]his Extension Agreement shall be governed by the laws of the State of Wyoming." The Original Agreement contains the same Wyoming choice-of-law provision in Section 8.1.

### B.  Byt Block's Payment Obligation.

11.    Section 2 of the Extension Agreement provides: "In consideration for this extension, Byt Block agrees to increase Consultant's total payment to Seven Million United States Dollars (USD $7,000,000) in USD (the 'Extension Payment')."

12.    Section 3 of the Extension Agreement sets the payment terms and provides that "[t]he Extension Payment shall be paid in USD payment on or before the Extended Deadline" and that the "[t]otal amount due to Consultant on the Extended Deadline" is "Seven Million Dollars (USD $7,000,000) in USD."

13.    Section 1 of the Extension Agreement defines the "Extended Deadline" as September 5, 2025, providing: "The payment deadline specified in Section 3.1(a) of the Original Agreement is hereby extended from June 30, 2025 to September 5, 2025 (the 'Extended Deadline')."

14.    Section 4 of the Extension Agreement contains a liquidated late-payment provision: "Should the Extension Payment not be made on or before the Extended Deadline of September 5, 2025, then a daily penalty of $142,900 per day commencing on September 6, 2025."

## C. Byt Block's Failure to Pay.

15.    Byt Block did not pay the Extension Payment on or before September 5, 2025.

16.    Byt Block has not paid any portion of the Extension Payment at any time since September 5, 2025. As of the date of this Complaint, the entire $7,000,000 Extension Payment remains unpaid.

17.    Pursuant to Section 4 of the Extension Agreement, the contractual daily late-payment charge of $142,900 commenced on September 6, 2025, and has accrued each day thereafter.

18.    From September 6, 2025 through May 13, 2026, inclusive, two hundred and fifty (250) days have elapsed. The total accrued late-payment charges through May 13, 2026 are $35,725,000 (250 days × $142,900).

19.    The total amount due and owing from Byt Block to Plaintiffs under the Extension Agreement as of May 13, 2026 is $42,725,000, comprising the $7,000,000 Extension Payment and $35,725,000 in accrued daily late-payment charges. Additional late-payment charges continue to accrue at the rate of $142,900 per day until Byt Block's obligations under the Extension Agreement are satisfied in full.

20.     Plaintiffs have demanded payment. Byt Block has failed and refused to pay any amount.

## IV. FIRST CAUSE OF ACTION
### BREACH OF CONTRACT — EXTENSION AGREEMENT (AGAINST BYT BLOCK, LLC)

21.     Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

22.     The Extension Agreement is a valid, binding, and enforceable written contract between Plaintiffs and Byt Block. Byt Block expressly represented and warranted in Section 5.1 of the Original Agreement (incorporated into the Extension Agreement by Section 5 thereof) that the agreement "constitutes a valid, binding, and enforceable obligation, enforceable in accordance with its terms."

23.     The Extension Agreement is supported by mutual consideration: Byt Block received an extension of its payment deadline from June 30, 2025, to September 5, 2025, and in exchange agreed to increase the total amount payable to Plaintiffs to $7,000,000 and to pay $142,900 per day in liquidated late charges in the event of non-payment.

24.     Plaintiffs performed all of their obligations under the Extension Agreement, including granting Byt Block the bargained-for extension of time. To the extent any further performance was required of Plaintiffs, that performance was excused by Byt Block's anticipatory and actual breach.

25.     Byt Block materially breached the Extension Agreement by failing to pay the $7,000,000 Extension Payment on or before September 5, 2025, and by failing to pay any portion of the principal or the accrued daily late-payment charges at any time thereafter.

26.     As a direct and proximate result of Byt Block's material breach, Plaintiffs have suffered damages in an amount not less than $42,725,000 as of May 13, 2026, with additional

damages accruing at the rate of $142,900 per day thereafter, plus pre- and post-judgment interest, costs, and such other relief as the Court deems just and proper.

## V. DAMAGES

27. This is an action for breach of contract. Defendant Byt Block, a Wyoming limited liability company, agreed in a written Extension Agreement to pay Plaintiffs $7,000,000 on or before September 5, 2025. Byt Block did not pay. It still has not paid.

28. The Extension Agreement provides for a contractual late-payment charge of $142,900 per day, commencing September 6, 2025, until the $7,000,000 is paid. As of the date of this Complaint—May 13, 2026—250 days have elapsed, and the accrued late-payment charges total $35,725,000.

29. The total amount due and owing as of the filing of this Complaint is $42,725,000, with additional late-payment charges of $142,900 accruing each day until payment is made in full. Plaintiffs bring this action to recover those amounts, together with pre- and post-judgment interest, costs, and such other and further relief as the Court deems just and proper.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Jeremy Kingfung Wong and JW INC LTD respectfully request that this Court enter judgment in their favor and against Defendant Byt Block, LLC as follows:

30. Awarding Plaintiffs compensatory damages in an amount not less than $42,725,000, comprising the $7,000,000 Extension Payment and $35,725,000 in accrued contractual late-payment charges through May 13, 2026;

31. Awarding Plaintiffs additional contractual late-payment charges accruing at the rate of $142,900 per day from May 14, 2026 through the date of judgment or full payment, whichever first occurs;

32. Awarding Plaintiffs pre-judgment and post-judgment interest at the maximum rate permitted by law;

33. Awarding Plaintiffs their costs of suit, including filing and service fees; and

34.     Granting Plaintiffs such other and further relief as this Court deems just and proper.

DATED this 20th day of May 2026.

/s/ R. Daniel Fleck
R. Daniel Fleck (WSB # 6-2668)
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290 | Fax: (307) 733-5248
fleck@spencelawyers.com

Attorney for the Plaintiffs